■ In the Matter of PERRY FIORE, Petitioner, v EARL ANDREWS, JR., as Commissioner of the Department of Business Services of the City of New York, et al., Respondents. [667 NYS2d 244] —Determination of respondent Commissioner of the Department of Business Services dated May 13, 1997, which

found that petitioner lacked the good character, honesty and integrity required to serve as an employee of a seafood wholesaler at the Fulton Fish Market, and suspended petitioner's photo identification card for 180 calendar days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Sklar, J.], entered on or about June 12, 1997) dismissed, without costs.

Substantial evidence supports respondent's determination that petitioner's attack upon two uniformed market inspectors established his lack of the good character, honesty and integrity required to serve as an employee or agent of a seafood wholesaler (Administrative Code of City of NY § 22-216 [b], [c]). Respondent's findings crediting the inspectors' version of the melee will not be disturbed by the courts (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The 180-day suspension does not shock our sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222). We have considered petitioner's other arguments and find them to be without merit. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.